IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES DIXON, AMELIA WAY,**
**SHEILA GARY EVANS, and CICILIA**
**JEFFERSON, individually and on behalf**
**of the other 345 other named plaintiffs;**
**HUGH LEWIS; ORA LEWIS**                                              **PLAINTIFFS**

v.                                            CIVIL ACTION NO. 3:13CV236-LG-JMR

**RICHARD A. FREESE; TIM K. GOSS;**
**FREESE AND GOSS PLLC; JOHN**
**and JANE DOES, individually and as**
**entities**                                                            **DEFENDANTS**

## ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER

BEFORE THE COURT is the Motion [82] to Reconsider filed by the plaintiffs. The defendants responded to the Motion and the plaintiffs filed a reply. Having reviewed the submissions of the parties and the relevant law, it is the opinion of the Court that the Motion should be denied. The plaintiffs have failed to meet their burden under Federal Rule of Civil Procedure 59 for reconsideration of this Court's Order granting the defendants' Motion for Leave to File Reply, denying the plaintiffs' Motion to Strike, and granting the defendants' Motion to Dismiss. The plaintiffs have not demonstrated the need to correct a clear error of law or to prevent manifest injustice.

### BACKGROUND

A complete discussion of the facts of this case is included in the Court's [81] Order Granting Defendants' Motion to Dismiss entered in this action on April 14, 2014, and is incorporated herein by reference. The plaintiffs argued that

jurisdiction exists in this Court based on diversity. After allowing time for the parties to conduct limited discovery on the jurisdictional issue, the Court dismissed this action on the basis that the plaintiffs failed to meet their burden of showing that the Court had diversity jurisdiction. The Court found that since the plaintiffs and one of the members of defendant Freese and Goss, PLLC, Sheila Bossier ("Bossier"), are domiciled in Mississippi, complete diversity does not exist and the Court therefore lacks jurisdiction. The Court also granted the defendants' Motion for Leave to File Reply in response to the plaintiffs' Third Supplemental Memorandum in Support of Response to Motion to Dismiss, and denied the plaintiffs' Motion to Strike the Reply. The plaintiffs have now moved the Court to reconsider its Order on the Motion for Leave to File Reply, Motion to Strike, and the underlying Motion to Dismiss.

## DISCUSSION

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To be entitled to reconsideration under Federal Rule of Civil Procedure 59(e), which the parties agree applies, the plaintiffs must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The plaintiffs' Motion is brought pursuant to the third prong only. (*See* Mot. 2, ECF No. 83).

*Motion for Leave to File Reply and Motion to Strike*

The plaintiffs argue that since the Court set a deadline for the parties to file supplemental memoranda regarding the Motion to Dismiss, the Court erred in allowing and considering the defendants' Reply filed after that deadline. The defendants stated in their Motion for Leave, and reiterate now, that the Reply "is not a supplemental memorandum, but is instead a rebuttal to Plaintiffs' 15-page third supplemental response . . . ." (Mot. for Leave 2, ECF No. 77; *see also* Resp. 2-3, ECF No. 85). They claimed that they filed their Motion for Leave only out of an abundance of caution to ensure that they did not violate the Court's Order regarding supplemental memoranda. (Mot. for Leave 2, ECF No. 77).

Even if the Reply was a supplemental memorandum subject to the Court's deadline, the plaintiffs offer no legal support or argument to show that the Court's decisions regarding the Reply involved a clear error of law or resulted in manifest injustice. To the contrary, this Court has "broad discretion to control its own docket and extend filing deadlines." *Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009); *Ellis v. Principi*, 246 F. App'x 867, 870 (5th Cir. 2007) ("The district court has wide discretion to control its own docket and adjust filing deadlines as needed."). Accordingly, the Court will not reconsider its Order granting the Motion for Leave and denying the Motion to Strike.

*Motion to Dismiss*

The plaintiffs argue that the Court erred in its interpretation of the Texas Business Organizations Code. Specifically, they state that § 101.102(c) of that Code

3

"allow[s] for non-equity members of Texas limited liability companies, but only if the company agreement provides for a person to be admitted to the company as a non-equity member." (Mot. 3-4, ECF No. 82). They claim that because the applicable Company Agreement did not provide for inclusion of non-equity members, Bossier could not have been admitted to the company and thus is not a member for jurisdictional purposes.

Section 101.102(c) of the Texas Business Organizations Code states that "[i]f one or more persons own a membership interest in a limited liability company, the company agreement *may* provide for a person to be admitted to the company as a member without acquiring a membership interest in the company." (emphasis added). This section does not require that a company agreement include a provision for the admission of non-equity members in order for non-equity members to be admitted. Rather, it merely allows for a person to be a member of an LLC without acquiring a membership interest. *See Suttles v. Vestin Realty Mortg. I, Inc.*, 317 S.W.3d 412, 416-17 (Tex. App. 2010). There was no error of law in the Court's interpretation of the Texas Business Organizations Code.

The remainder of the plaintiffs' arguments simply rehash the arguments they made in opposition to the Motion to Dismiss. Those arguments are insufficient to establish that the Court should reconsider its Order granting that Motion. *See, e.g.*, *Templet*, 367 F.3d at 478-79 (a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment").[1]  In short, the Court determines that no clear error of law or manifest injustice would result in upholding the Order granting the defendants' Motion to Dismiss, and, thus, reconsideration of that Order is not warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [82] to to Reconsider is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of December, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] For example, the plaintiffs argue that the defendants have not provided "any evidence of approval of all members of Freese & Goss, PLLC for the inclusion of Sheila Bossier as a member of the company . . . ." (Reply 4, ECF No. 86).  They made the same argument in opposition to the Motion to Dismiss, which argument was rejected by this Court since there was evidence in the form of the sworn testimony of Richard Goss that he and Richard Freese, the only members of the company, agreed to make Ms. Bossier a member.  (*See* Order 9, ECF No. 81).